Patrick M. Flatley
United States Bankruptcy Judge

Dated: Monday, September 09, 2013 3:01:49 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MORGANTOWN EXCAVATORS, INC., | ) | Case No. 12-570 |
| | ) | Chapter 7 |
| and | ) | |
| | ) | |
| SHIRLEY E. GODFREY, | ) | Case No. 12-1473 |
| | ) | Chapter 13 |
| Debtors. | ) | |
| | ) | |
| THE BANKRUPTCY ESTATES OF | ) | |
| MORGANTOWN EXCAVATORS, INC. and | ) | |
| SHIRLEY GODFREY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. 13-24 |
| | ) | |
| THE HUNTINGTON NATIONAL BANK and | ) | |
| MYRON BOWLING AUCTIONEERS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the court is the motion to abstain and remand filed by Morgantown Excavators, Inc. ("MEI"), and Shirley E. Godfrey ("Godfrey') (collectively the "Plaintiffs"). The Plaintiffs assert that abstention is appropriate in this proceeding under either 28 U.S.C. §§ 1334(c)(1) or (2) because this court has no basis upon which to exercise jurisdiction over this proceeding. Huntington National Bank ("HNB") asserts that abstention is inappropriate because this matter is a core proceeding under 28 U.S.C. § 157(b). For the reasons set forth herein, the court will deny the Plaintiffs' motion to abstain and remand.

## I. BACKGROUND

In June 2011 the Plaintiffs and HNB signed a forbearance agreement that, *inter alia*, waived existing defaults and reinstated existing loans until September 30, 2011, at which time the loans became payable in full. The parties subsequently extended the due date to March 2, 2012. In conjunction with the execution of the existing loans and forbearance agreement, Godfrey personally guaranteed the debt and HNB was given a security interest in specific collateral, including MEI's equipment. Based on the terms of the forbearance agreement, HNB could not liquidate MEI's equipment before March 2, 2012. On February 27, 2012, however, HNB sold MEI's equipment to Myron Bowling Auctioneers, Inc. ("MBA"), allegedly without proper notice to MEI or Godfrey. On November 30, 2012, the Plaintiffs filed a complaint in the Circuit Court of Franklin County, Ohio (the "State court") requesting a declaration that the purported sale of personal property to MBA is void based upon violations of West Virginia law. At the time the Plaintiffs filed their complaint, they each had a pending bankruptcy case in this court.

On December 21, 2012, HNB filed a notice of removal to the Bankruptcy Court for the Southern District of Ohio. A month later, the Plaintiffs filed a motion for that court to abstain and remand. HNB subsequently filed a motion to transfer venue to this court, which was granted.[1] However, left for consideration by this court was the motion to abstain and remand. *Morgantown Excavators, Inc. v. Huntington Nat'l Bank,* No. 12-2528 (Bankr. S.D. Ohio Mar. 22, 2013) (order granting transfer of venue).

## II. DISCUSSION

The Plaintiffs assert that this court must abstain from adjudicating their complaint based upon mandatory abstention under 28 U.S.C. § 1334(c)(2). In the alternative, they assert the court should permissively abstain under § 1334(c)(1). HNB contends that this court is not required to abstain because this proceeding is "core" under §§ 157(b)(2)(A), (C), and (O), and asserts that the court should not permissively abstain in the interest of judicial economy given this court's familiarity with the Plaintiffs' estates.

---

[1] The Bankruptcy Court for the Southern District of Ohio found that because the Plaintiffs in this proceeding each have a pending bankruptcy case in this court, the transfer of venue was appropriate to preserve the interest and convenience of the bankruptcy estates. *Morgantown Excavators,* No. 12-2528 at 4.

**A. Mandatory Abstention**

The Plaintiffs assert that this Court is required to abstain from adjudicating their complaint because it states "non-core" causes of action based on violations of state law that can be most properly and timely adjudicated in state court. The Defendants argue that the Plaintiffs' complaint should be heard in this court because it is a "core" proceeding under §§ 157(b)(2)(A), (C), and (O). The Defendants also assert that this matter cannot be timely adjudicated in State court.

Under 28 U.S.C. § 1334(c)(2), a court must abstain from hearing a matter if a proceeding: (1) is based upon a state law claim or state law cause of action; (2) lacks a federal jurisdictional basis absent § 1334(c)(2); (3) is commenced in state forum of appropriate jurisdiction; (4) can be timely adjudicated in a state forum; and (5) is a related non-core proceeding. *Miller v. Huntington Nat. Bank, N.A.*, 3:12-CV-114, 2013 WL 3878742, at *7 (N.D.W. Va. July 26, 2013) (citing *Barge v. Western Southern Life Ins. Co.*, 307 B.R. 541, 546 (N.D.W. Va. 2004)). The test for mandatory abstention is conjunctive; each of the factors must be satisfied before a court must abstain. *In re Butterfield*, 339 B.R. 366, 373 (Bankr. E.D. Va. 2004).

Abstention is not required because this proceeding cannot be timely adjudicated in the State court. In determining whether a proceeding can be timely adjudicated in state court, a court considers four factors:

> "(1) the backlog of the State court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the State court proceeding would prolong the administration or liquidation of the estate."

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2nd. Cir. 2011). Additionally, when the legal issues in a case are especially complex, the forum with the most expertise in the relevant areas of law should be able to adjudicate the matter in a more timely fashion relative to the other forum. *Id*. at 580. Likewise, if the facts in a case are especially complex the forum with greater familiarity with the record should retain the case because it can adjudicate the matter more quickly. *Id*.

Here, the State court scheduled a final pre-trial conference for November 3, 2014, and set trial to begin on January 5, 2015, evidencing a backlog in its court calendar. This court does not have a backlog of cases and can set an initial conference to occur within weeks. Although the

parties may need a certain amount of time to engage in discovery, the court is confident that, barring any unforeseen developments, this proceeding can be considered well before January 2015. Thus, the first factor supports a finding that the proceeding cannot be timely adjudicated in the State court.[2]

Consideration of the second factor leads to the same conclusion. This court is more familiar than the State court with the relationship of the parties and the record here because both of the Plaintiffs have pending bankruptcy cases in this court, and HNB has actively participated in those cases. Additionally, although this proceeding invokes state law, this court, sitting in West Virginia, is best equipped to interpret and apply West Virginia commercial law, which is something this court does with regularity. Therefore, the second factor also supports this court retaining and adjudicating the proceeding.

Under the third factor, a court must consider whether the litigants need the state law claims to be quickly resolved as a result of the status of the ongoing title 11 bankruptcy proceeding. *Parmalat*, 639 F.3d at 580. Here, Godfrey's Chapter 13 proceeding has been pending since November 1, 2012, and his proposed Chapter 13 plan is currently awaiting confirmation. The parties agree that Godfrey cannot achieve confirmation of his proposed Chapter 13 plan until this proceeding is resolved, particularly because the resolution of the state law claims are needed in order to determine what resources are available to fund Godfrey's Chapter 13 plan of repayment. Because Godfrey's proposed Chapter 13 proceeding requires a timely resolution of the state-law claims to determine the feasibility of his proposed Chapter 13 plan of repayment, this factor weighs against a finding that this court must abstain. Similarly, MEI's case is being currently administered by a Chapter 7 Trustee, and the swift resolution of this proceeding will affect the administration of that case.

Finally, the adjudication of this proceeding in the State court could prolong the administration of the two related bankruptcy cases for at least another year and a half if no external resolution occurs; whereas, if the proceeding remains here, its final disposition is likely to occur sooner and advance the administration of the respective bankruptcy estates.

---

[2] Even though 28 U.S.C. § 157(c)(2) would require the court to submit proposed findings of fact and conclusions of law to the district court – absent the parties' consent for a final determination in this court – any delay caused by compliance with § 157(c)(2) is slight when compared to the delay that will result if adjudicated in State court.

Therefore, all four factors weigh against a finding that the instant action can be timely adjudicated in State court. Accordingly, because the conjunctive five-factor test prescribed in *Miller* is not satisfied, the court is not required to abstain under § 1334(C)(2).

**B. Permissive Abstention**

Despite the inapplicability of mandatory abstention to this proceeding, the court may abstain voluntarily "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). The Plaintiffs aver that this court should do so pursuant to § 1334(c)(1) for "any equitable reason," but HNB asserts that judicial economy and the efficient administration of the bankruptcy estates will be promoted by this court presiding over this proceeding.

Generally, courts agree that abstention should be exercised only in a narrow sphere of cases and that abstention should be the exception, not the rule. *See, e.g., In re Chicago, Milwaukee, St. Paul and Pacific R.R. Co.,* 6 F.3d 1184, 1188 (7th Cir. 1993); *McDaniel v. ABN Amro Mtg. Corp.,* 364 B.R. 644, 649–50 (S.D. Ohio 2007); *see also Smith v. McLeskey (In re Bay Vista of Va., Inc.),* 394 B.R. 820, 845–46 (Bankr. E.D. Va. 2008). Most courts find that abstention should only occur when the outcome of the litigation would not significantly affect estate administration, state law issues predominate, and the matter is non-core. *DHP Holdings II Corp. v. Peter Skop Ind., Inc. (In re DHP Holdings II Corp.),* 435 B.R. 220, 225 (Bankr. D. Del. 2010) (abstaining from hearing an adversary proceeding to recover pre- and post-bankruptcy receivables from an account debtor where the amount involved was not large, thus not significantly affecting the estate administration).

Courts consider several factors when determining whether to permissively abstain. *In re Bostic Constr., Inc.*, 435 B.R. 46, 56 (Bankr. M.D.N.C. 2010) (citing *L. Ardan Dev. Corp. v. Touchey* (*In re Newell*), 424 B.R. 730, 735-36 (Bankr. E.D.N.C. 2010)). Factors courts consider are: (1) efficiency in the administration of the debtor's estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled issues of state law; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in State courts; (9) the burden of the

bankruptcy court's docket; (10) the likelihood that the commencement of the proceedings in the bankruptcy court involved forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) whether non-debtor parties are involved in the proceeding. *Miller*, 2013 WL 3878742, at *8 (citing *Barge*, 307 B.R. at 547). In determining the appropriateness of permissive abstention, courts have "considered one or more (not necessarily all) of the twelve factors." *Cody Inc. v. County of Orange* (*In re Cody, Inc.*), 281 B.R. 182, 190 (S.D.N.Y. 2002), *aff'd in part, appeal dismissed in part*, 333 F.3d 89 (2nd Cir. 2003).

Here, the number and nature of the majority of the factors weigh against this court voluntarily abstaining. Regarding the first factor, efficiently administering the Plaintiffs' bankruptcy estates is best accomplished by having the proceeding remain here — the forum where all the parties are otherwise before the court. *See Haworth v. Sunarhauserman Ltd.*, 131 B.R. 359, 362-63 (Bankr. W.D. Mich. 1991). HNB is a creditor in both bankruptcy cases. Because the relevant parties are otherwise before the court, and given the court's ability to advance the ends of this proceeding faster than the State court, the court finds that retaining this proceeding will promote the efficient administration of the Plaintiffs' respective bankruptcy estates.

Although state law issues predominate in this proceeding, the second factor also weighs against abstention because the claims are based upon West Virginia law, not Ohio law. *See In re Antioch Co.*, Adv. No. 09-340, 2010 Bankr. LEXIS 1630, *12-13 (Bankr. S.D. Ohio May 26, 2010) (finding the existence of state law issues in a claim weighs against abstention in situations where the state court that the matter would be remanded to would be a court that will have to apply the law of a foreign state). Related thereto, the third factor weighs against abstention because the Plaintiffs do not assert that the state-law issues in this case are unique, unsettled or difficult. *Parrett v. Bank One* (*In re Nat'l Century Fin Enters.*), 323 F. Supp. 2d 861, 886 (S.D. Ohio 2004) (denying abstention in a case involving only state-law, non-core claims between non-debtor parties where movant failed to identify any "particularly difficult issues of state law"). The fourth factor also weighs against abstention because there is no extant parallel or related litigation in the State court. This proceeding was presumably taken off the State court's active docket upon being removed to the United States Bankruptcy Court for the Southern District of Ohio.

The sixth and seventh factors weigh against voluntary abstention because there is a close relationship between the Plaintiffs' respective bankruptcy cases and this proceeding; as previously discussed, the parties agree that this proceeding must be resolved before Godfrey's proposed Chapter 13 plan can be considered for confirmation. The eighth factor is not at issue because there are no core bankruptcy matters to be severed form the state law claims. And the ninth factor weighs against abstention because this court has no backlog on its docket to which an increase in case load would impose a burden.

The court finds that the tenth factor does not apply to this proceeding because the proceeding was not commenced in bankruptcy court. Rather, this proceeding was removed from the State court such that the court is not concerned about forum shopping vis-à-vis the complaint. Regarding the eleventh factor, the Parties dispute whether the Plaintiffs are entitled to a jury trial. The court need not address the issue, however, because the other factors weigh heavily against abstention. The twelfth factor weighs against abstention because the Plaintiffs are also the debtors in the related bankruptcy proceedings. HNB is a non-debtor party, but is also a creditor in each of the Plaintiffs' bankruptcies. MBA is the only party unrelated to the Plaintiffs' respective bankruptcy cases. Although MBA is not involved in the related bankruptcy cases, the court finds that the twelfth factor is satisfied given the other parties connection to the Plaintiffs' respective cases and the fact that MBA allegedly bought an asset of one or both bankruptcy estates in violation of state laws. Thus, the non-debtor participation in this adversary proceeding is not of a magnitude that causes this court concern.

The court therefore finds that the number and nature of the factors considered weigh against the court permissively abstaining. The efficient and expeditious resolution of the Plaintiffs' claims offers a great benefit to the Plaintiffs' bankruptcy estates. This court has no significant backlog, has presided over the Plaintiffs' cases for over a year, and is familiar with the parties and the nature of this dispute. Conversely, the State court has no history with the Plaintiffs' bankruptcy estates and its scheduling demonstrates a backlog or significant delay that will not allow it to resolve this case until well after January 2015. Additionally, although the issue is one of state law, this court has presided over numerous cases that have involved West

Virginia commercial law. Based on the foregoing, the court finds no cause to deviate from the settled proposition that abstention should be exercised as the exception and not the rule.[3]

### III. CONCLUSION

For the foregoing reasons, the court finds mandatory abstention under § 1334(c)(2) to be inapplicable and will not permissively abstain under § 1334(c)(1).[4] The court will enter a separate order under Fed. R. Bankr. P. 9021 consistent with this memorandum opinion.

---

[3] Although the trustees of both Plaintiffs' bankruptcy estates argue that permissive abstention is appropriate given the analysis in *Wheeling-Pittsburgh Corp. v. Am. Ins. Co.*, 267 B.R. 535 (N.D.W. Va. 2001), the court finds that case unpersuasive because it is distinguishable. In that case, the adversary proceeding was based on West Virginia law and was initiated in a West Virginia court. Here, however, the State court would be forced to apply the law of a foreign state, something that is disfavored. Additionally, the proceeding in *Wheeling-Pittsburgh* was pending in state court for over six years with "voluminous exchange of documents" evidencing substantial progress that if retained by the district court would seriously inhibit judicial economy. 267 B.R. at 535. Here, there has been no progress made in the State court. Rather, only pre-trial and trial dates have been set. Furthermore, the court in *Wheeling-Pittsburgh* noted that there was no evidence presented to demonstrate that it could have adjudicated the matter any timelier than the State court. *Id*. at 539. Here, this court *can* adjudicate more quickly than the State court evidenced by the foregoing analysis. (emphasis added).

[4] The Plaintiffs also contend that the court should equitably remand under 28 U.S.C. § 1452(b), which states that a court may remand a removed claim or cause of action on equitable grounds. The analysis under permissive abstention is largely the same as under equitable remand. *Barge*, 307 B.R. at 548; *Parrett*, 323 F. Supp. 2d at 885; *Rednel Tower, Ltd. v. Riverside Nursing Home* (*In re Riverside Nursing Home*), 144 B.R. 951, 957 (Bankr. S.D.N.Y. 1992); *see also Ernst & Young, LLP v. Devan* (*In re Merry-Go-Round Enters.*), 222 B.R. 254, 256 (D. Md. 1998) (holding that "virtually the same (if not identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(2) as have been articulated for deciding the propriety of a remand under § 1452(b)"). Just as the same exigencies with abstention have been found by the court to weigh against permissive abstention, see *supra* at p. 19, so, too, do they disfavor equitable remand. As such, the court finds that this case will not be remanded pursuant to § 1452(b) under the same notions that weighed against this court exercising permissive abstention under § 1334(c)(2).